# Murtiff's License.

*Liquor law—Refusal of license—Order of court—Appeals.*

The appellate court will not reverse an order of the quarter sessions refusing a liquor license, where the order itself states that it was made "After a full hearing both on the part of the petitioners for and remonstrants against the granting of a license to the within applicant, and after due and careful consideration of the case, taking into consideration the number and character of both the petitioners for and the remonstrants against."

Argued May 10, 1911. Appeal, No. 9, March T., 1911; by Parks Murtiff, from order of Q. S. Mifflin Co., Feb. T., 1911, refusing retail liquor license in re Petition of Parks Murtiff. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition for retail liquor license. Before WOODS, P. J.

From the record it appeared that both specific and general remonstrances were filed.

The general remonstrance was in the following form:

We, the undersigned residents of the county of Mifflin, respectfully represent that we do protest and remonstrate against the granting of any licenses to sell spirituous, vinous, malt or brewed liquors in the county of Mifflin for the following reasons:

1. That said licenses are unnecessary in the county of Mifflin for the accommodation of the public.

2. That said licenses to sell intoxicating liquors in the county of Mifflin will be detrimental to the public good.

The court made the following order:

And now February 27, 1911, after a full hearing both on the part of the petitioners for and the remonstrants against the granting of a license to the within applicant and after due and careful consideration of the case, taking into con-sideration the number and character of both the petitioners for and remonstrants against, the within license is refused.

WOODS, P. J., filed an opinion as follows:

The reasons of the court for the refusal of the several licenses are embodied in the decree as indorsed on each application and the court being satisfied from the petitioners and remonstrance that the necessity for a license had not been established refused the licenses.

At the argument, the counsel for these applicants laid great stress upon the opinion of Judge AGNEW, who was referred to frequently as a "temperance judge." Judge AGNEW determined the cases which were before him in the light of the law as it then stood. The people, realizing and knowing the harmful effects of the use of liquors, succeeded in having the legislature pass the Act of assembly of May 13, 1887, P. L. 108, and known as the Brooks high license law, which changed the law as construed by Judge AGNEW in Schlaudecker v. Marshall, 72 Pa. 200, so as to separate and divorce the license from the hotel and throwing the burden of the necessity of the license and not the necessity of the hotel on the people of the district and making it incumbent on the residents

of the borough, ward, or township to inform the court
that a license was not necessary. "The fact that the place
is necessary either as a hotel or as an eating house for the
public accommodation does not necessarily and under all
circumstances compel the conclusion that a license to the
applicant to sell intoxicating liquors by retail at such
place is necessary. In other words not every place that
may be necessary as a hotel or as an eating house for
public accommodation is entitled as a matter of right to
be licensed to sell liquor if the other statutory require-
ments are complied with:" Reznor Hotel Co.'s License,
34 Pa. Superior Ct. 525.

The act of assembly confines the petitioners and re-
monstrants to the district. Section 7. "The said Court of
Quarter Sessions shall hear the petitions from residents of
the ward, borough or townships, in addition to that of
the applicant, in favor of and remonstrance against the
application for such license and in all cases shall refuse the
same whenever, in the opinion of the said court having
due regard to the number and character of the petitioners
for and against such applications such license (not hotel
but such license) is not necessary." The third section
vests the court with discretionary power in the granting
or refusing the license upon cause shown, viz.: "Such
licenses may be granted, etc.," while all the other pro-
visions are mandatory. From these words we see that
discretionary power to grant is lodged in the court of the
necessity and not on the traveling public, and we can very
readily see the reason: because the locality is interested
in the sale of intoxicating liquors and know the harmful
effect of promiscuous sales in each locality. It is to the
local people, the petitioners for and the remonstrants
against, that the court must look for information. There
is no co-ordinate branch of our government which comes
so close to the people as the district court and it is for
these courts to administer the laws affecting the people
in the localities, over which they preside, in such a way
as to bring about the best results for the people generally,.

554, (1911).] Opinion of Court below—Opinion of the Court.

guided by certain rules and regulations as we find them in the law regulating the conduct and actions of the people and as laid down by the appellate courts. We dare not stifle the will of the people, when we know what it is, just because we are in a position to do so. As Dean Kirchway of Columbia Law School in his address before the American Bar Association in speaking of the courts said: "They will receive and they will deserve respect so long as the law they lay down is the expression of the public will and no longer." This is all we deem it necessary to say on this motion.

*Error assigned* was the order of the court.

*L. J. Durbin,* with him *A. Reed Hayes,* for appellant.

*W. W. Uttley,* with him *T. M. Uttley,* for appellee.

PER CURIAM, July 13, 1911:
The order is affirmed and the appeal dismissed at the costs of the appellant.